716 F.2d 215
 1983-2 Trade Cases 65,592
 DANNY KRESKY ENTERPRISES CORPORATION, Appellant and Cross-Appellee,
v.
Larry MAGID, Herbert Spivak, Joseph Spivak and Allen Spivak,
individually and trading as Electric Factory
Concerts, Appellees and Cross-Appellants.
 Nos. 82-5722, 82-5758.
 United States Court of Appeals,
Third Circuit.
 Argued July 11, 1983.
Decided Sept. 2, 1983.
 
 Steven M. Kramer (argued), Philadelphia, Pa., for appellant and cross-appellee, Danny Kresky Enterprises Corp.
 Richard P. McElroy (argued), Stephen M. Orlofsky, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for appellees and cross-appellants, Larry Magid, Herbert Spivak, Joseph Spivak and Allen Spivak, individually and trading as Elec. Factory Concerts; H. Yale Gutnick, Strassburger, McKenna, Messer, Shilobod & Gutnick, Pittsburgh, Pa., of counsel.
 Before SEITZ, Chief Judge, SLOVITER and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 I.
 This court has been inundated in recent years with requests to review the amount of counsel fees awarded by the district courts under the increasing number of statutes providing for such awards. The function of appellate courts in this regard is to establish the general legal principles which can then be applied by the district courts. Thus, the Supreme Court has recently enunciated some of the relevant principles in its opinion in Hensley v. Eckerhart, --- U.S. ----, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This court had earlier established the principles to guide the district courts and counsel in this circuit in Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corp. (Lindy I), 487 F.2d 161 (3d Cir.1973), and Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corp. (Lindy II), 540 F.2d 102 (3d Cir.1976) (in banc). The framework established by these decisions, supplemented by other opinions dealing with more discrete questions under specific statutes, see, e.g., Inmates of Allegheny County Jail v. Pierce, 716 F.2d 177 (3d Cir.1983), and Hughes v. Repko, 578 F.2d 483 (3d Cir.1978), should be sufficient to guide most fee determinations by the district courts. The court has declined, and will continue to decline, the flood of invitations to interject itself into the minutiae underlying such judgments.
 Nonetheless, we retain the obligation to review all judgments appealed, and when it is evident that "the end product falls outside of a rough 'zone of reasonableness,' or ... the explanation articulated is patently inadequate", see Hensley v. Eckerhart, 103 S.Ct. at 1951 n. 11 (Brennan, J., concurring and dissenting), we are required to reverse. This is such a case.
 
 II.
 Attorney's Fees
 A.
 
 1
 The antitrust suit out of which this request for fees and costs arose is discussed in the opinion filed today in Danny Kresky Enterprises Corp. v. Magid, 716 F.2d 206 (3d Cir.1983). Plaintiff was successful in receiving a jury verdict for damages in the amount of $5,500, trebled to $16,500, which we have today directed the district court to reinstate, and in being awarded a permanent injunction by the district court which we have today affirmed.[1]
 
 B.
 
 2
 Plaintiff's application requested attorneys' fees in the amount of $106,992.27[2] representing approximately 677 hours. The hours for which plaintiff claimed compensation consisted of approximately 515 hours for Steven Kramer, principal trial counsel, and 162 hours for Michael Needle, an assistant. The court awarded fees in the amount of $28,249.25. The district court arrived at this figure by reducing the hours for which it compensated plaintiff, by reducing the rate requested, and by denying the requested augmentation.
 
 
 3
 We find the reduction in the number of hours and the rate requested to have been an abuse of discretion in the following respects:
 
 
 4
 1. The district court eliminated 46 of the 56.30 hours for Kramer and all 11 of the hours for Needle for travel time from Philadelphia, where plaintiff's counsel worked, to Pittsburgh, the trial site, for conferences and trial. The court stated:
 
 
 5
 The Court emphasizes that plaintiff was fully aware of the fact that this litigation would take place in Pittsburgh. Despite this, plaintiff chose to secure out-of-town counsel, knowing that capable attorneys were present in Pittsburgh, who could have handled this case. The Court does not believe that it is fair to impose these travel costs upon defendants; rather, the plaintiff should bear these costs.
 
 
 6
 Even if it were ever appropriate to deem unreasonable the travel time from the city of a party's chosen counsel to the place of trial on such a basis, this is not an appropriate case to fault plaintiff for selecting a counsel from outside the city of trial. Plaintiff's counsel was from the same state, not from across the country, and under Pennsylvania rules is free to practice throughout the state. The selection of Kramer as plaintiff's counsel to try this case was undoubtedly and reasonably influenced by Kramer's involvement in other antitrust litigation pending in Philadelphia against Electric Factory. Kramer was therefore thoroughly familiar with many important facts about the industry. Significantly, defendant Electric Factory also chose Philadelphia counsel for this case. Therefore, the selection of both counsel from the same city reduced the total costs and the number of hours which were expended in this litigation. For example, a large percentage of the depositions read at the trial in this case were taken in the Philadelphia action in which defendant's counsel here, Richard P. McElroy, also took part. See Tr. 3-4. Indeed, plaintiff's counsel did not include in the fee petition in this case most of the time expended in taking the depositions in the other case despite their use in this trial. On remand, therefore, the court should reinstate the travel time deducted.
 
 
 7
 2. The district court reduced the number of hours for trial preparation and trial time from 315.6 hours to 157.8 hours, stating:
 
 
 8
 The Court deems Kramer's request excessive. The Court has checked its own records and discovered that this trial lasted 12 days (including jury deliberations) and a total of 64 1/2 hours. On no one day did the Court exceed 6 hours of trial time, yet on many of those same days, plaintiff's counsel charged 15 to 18 hours.[16] Moreover, many of the time slips simply stated trial preparation, with no detail as to how the time was spent. In light of the actual trial time noted above and the Court's own assessment of a reasonable amount of trial time and trial preparation, the Court deems the requested hours unreasonable. A reasonable amount of time for trial preparation and trial time in this case is 157.80 hours.
 
 
 9
 16. The Court acknowledges that trial counsel often spends additional time outside of the courtroom on the day of trial, but a request for 15 to 18 hours, without an explanation or breakdown of the time, is, in the eyes of the Court, unreasonable.
 
 
 10
 It was arbitrary for the court to have assumed that expenditure of 15 to 18 hours per day by trial counsel is per se unreasonable. Certainly no lawyer could reasonably function at that level over an extended period of time. However, there were only six days in which 15 or more hours were expended, and these were spread over a period of four weeks: February 24--15 hours, February 26--18 hours, March 3--15 hours, March 4--15 hours, March 11--16.5 hours, March 12--16 hours. With the benefit of our own experience, this court is confident that there are situations in which counsel trying antitrust cases, or similar complex litigation, must expend hours such as these, particularly if, as in Kramer's case, one is operating without an assistant.
 
 
 11
 Also, the court should not have assumed that trial counsel could not reasonably spend more than 1 1/2 times the trial hours for trial preparation. See McDonald v. Johnson & Johnson, 546 F.Supp. 324 at 330 (D.Minn.1982), where Chief Judge Miles W. Lord, an experienced district court judge for 17 years, stated: "It has been this Court's experience that a good rule of thumb to apply in litigation is that three days of preparation are necessary for every one day in court."
 
 
 12
 On remand, the court should reconsider the reasonableness of the requested time for trial preparation.[3] In this connection, it should consider Chief Judge Seitz' remarks cautioning against "a niggardly award of attorneys' fees where a substantial benefit has been conferred." Merola v. Atlantic Richfield Co., 515 F.2d 165, 170 (3d Cir.1975). It may also want to take into account that defense counsel, whose client must pay these charges, did not challenge either the reasonableness or the accuracy of the hours listed.
 
 
 13
 3. The court reduced the hours Kramer spent in preparing the fee petition from 23.9 hours to 10 hours because it found the petition was "self laudatory" and the "hundreds of pages" was "unnecessary to the court's determination." We have examined the fee petition and find no support for the court's conclusion. The brief "self laudatory" material was included to support plaintiff's claim that the quality of the work justified an additional multiple. Had it not been included, the court could have justifiably rejected that request because of its absence. The petition itself consisted of 48 pages of summary and legal argument, 17 pages of detailed specification of the hours listed (down to 1/10 of an hour) and the costs spent, and 26 pages of several unreported opinions of other district courts acting on fee petitions which counsel thought might be of assistance to the court. The chastisement of plaintiff's counsel for including "redundant and unnecessary" material was unwarranted. On its face the fee petition supports the claimed request for 23.9 hours which should be reinstated on remand.
 
 
 14
 4. The court reduced the compensation for work it deemed "ministerial" to $15.00 an hour. Although the court may reasonably approve a lesser amount for ministerial work than for trial preparation, the rate chosen was unreasonable and should be adjusted on remand.
 
 C.
 
 15
 Plaintiff contends that the district court abused its discretion in reducing the requested hourly rate from $100 to $80 per hour for nontrial work, in failing to increase the lodestar by a .25 multiple based on the quality of the work, and in refusing to allow an increase in the lodestar because of delay in receipt of payment. We deem the court's action with respect to all these matters to have been within the bounds of its discretion.
 
 III.
 Costs
 
 16
 Plaintiff requested reimbursement of costs and expenses in the amount of $11,558.41. The court awarded costs only in the amount of $59.44 which reflected costs arising from the filing fee, two marshal's fees and a district court docketing fee. In reducing the costs, the court stated:
 
 
 17
 Plaintiff's counsel has not sustained his burden of proof by producing a list of costs in this case and expects the court to sort out those expenses reasonably necessary to the success of the litigation. The Court deems it improper to give carte blanche approval to an unsubstantiated list of costs. As the defendants correctly state in their supplemental brief, "no effort is made by plaintiff to identify which of the listed costs, if any, were reasonably necessary and related to ... the relief obtained ...."
 
 
 18
 We have examined the plaintiff's original filing with regard to the costs requested.[4] As to each cost plaintiff listed the amount, the date expended, to whom it was paid, the reason for the cost, and the check number. The connection of most of the costs with the litigation is apparent. For example, the costs for court reporters are listed as "depositions", the costs to Federal Express and Emery Air Freight are listed as "shipping", the costs to counsel are listed as "telephone" and "Xerox". It would be unduly burdensome to require that each telephone call for which costs are reimbursed must be tied to its "necess[ity] to the success of the litigation in this case," as the court stated. It was also unreasonable for the court to have expected Danny Kresky, as distinguished from his lawyer, to have been able to "accurately identify the purpose of many of the expenses."
 
 
 19
 Since we have already examined the record in this case in connection with the appeal on the merits, we are satisfied that the majority of the costs were on their face both reasonable and necessary. In its brief, appellant apparently recedes, without explanation, from the original request, and seeks only $7,841.08, in addition to the $59.44 awarded. Accordingly, we will remand this issue as well to the district court for determination as set forth above.
 
 IV.
 
 20
 We share the concern of the district court, which undoubtedly underlay its substantial reduction of the requested fee and costs, that the "big cases" are getting out of hand. Exorbitant requests for fees and costs have been well publicized, and our opinion should not be taken to signify any approval of such excesses. We appreciate the fact that the district court may have been guided by a commendable effort to hold the line. Our judgment sustains much of the court's actions in that regard. However, we are also impressed in this case that trial counsel acted for the most part alone against an extremely competent and experienced opposing counsel, that he achieved a successful result in a difficult case, that the hours and costs expended were modest and far below those which have been requested in other antitrust cases, and that there was a legitimate effort to hold down both costs and time.
 
 
 21
 For the foregoing reasons, this case will be remanded for further proceedings in accordance with the foregoing opinion.[5]
 
 
 
 [1]
 The issue on which defendant has cross-appealed, i.e., whether plaintiff "substantially prevailed" on its claim for injunctive relief within the meaning of 15 U.S.C. Sec. 26 (1976) to justify any fee award, is resolved since plaintiff is entitled to recover a reasonable attorney's fee and the cost of suit as a concomitant to its successful damage award under 15 U.S.C. Sec. 15 (Supp. IV 1980)
 
 
 [2]
 There is some discrepancy in the dollar figures and number of hours referred to in the district court's opinion, the parties' briefs, and the appendix. This opinion uses the numbers used by the district court
 
 
 [3]
 We express no opinion on the reduction of Needle's trial preparation time since appellant does not appear to challenge it in its brief. The district court may want to reconsider it on remand if it has been properly preserved
 
 
 [4]
 In light of our disposition, it is unnecessary to consider whether the Supplemental Exhibits in Support of Application for Counsel Fee and Memorandum were too late under Fed.R.Civ.P. 59(e) since we have confined ourselves to plaintiff's original submission
 
 
 [5]
 It would, of course, be preferable if the fee and cost issue could be resolved between the parties on remand