ROBERT CARPENTER d/b/a PERFORMANCE MOTORS,
Plaintiff

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA., Defendant

Civil No. 130/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

January 20, 1984

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiff*

R. ERIC MOORE, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter came before the Court for trial without a jury on November 14, 1983. After plaintiff had completed the presentation

of his evidence, defendant moved for a dismissal of the claim for damages arising out of losses sustained by fire, pursuant to Fed. R. Civ. P. 41(b). This Court reviewed plaintiff's evidence, made findings of fact pursuant to Fed. R. Civ. P. 52(a) and granted defendant's Motion to Dismiss. Judgment was entered November 30, 1983.

Prior to trial, on March 18, 1983, defendant served upon counsel for plaintiff an offer to allow judgment to be taken against it, pursuant to Fed. R. Civ. P. 68. Said offer was not accepted within the time prescribed by the rule. The judgment finally obtained was less than the offer of judgment and defendant has now moved this Court for entry of an Order awarding costs pursuant to Rule 68, which provides that if the judgment finally obtained by the offeree is not more favorable than the offer made, the offeree must pay the costs incurred after the making of the offer.

 Although the motion before the Court is one for costs provided by Fed. R. Civ. P. 68, the award of costs, including attorneys' fees, is determined in the same manner as costs to the prevailing litigant in a civil suit. 5 V.I.C. § 541 allows attorneys' fees to be taxed as costs in a civil proceeding. Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (C.A.3d 1973) provided this jurisdiction with guidelines to determine the award of attorneys' fees for a litigant. Before the value of the attorney's services can be determined [the court] must ascertain the services provided to the claimant. Id. One way for the Court to ascertain the value of an attorney's services is to review affidavits submitted by the attorney, containing the amount of time expended in preparation and presentation of the claim, and a schedule of expenses which are proposed as allowable costs to be taxed in favor of the claimant. This procedure has constituted the common practice in this jurisdiction, and there is no reason for this court to believe that counsel for defendant is unfamiliar with such practice. In fact, defendant's Motion for costs filed on November 29, 1983, concluded with this prayer:

> Accordingly, it is respectfully submitted that this court enter an order granting defendant's Motion for an Award of Attorney's Fees in an amount to be determined upon proper application and supported by affidavit. (Emphasis added.)

Notwithstanding, this Court has received no affidavit, pleading or information from which it can ascertain the value of defendant's attorney's services rendered in this action subsequent to the service of the offer of judgment upon plaintiff, and will not venture to spec-

ulate to arrive at such sum. Accordingly, no costs will be allowed on defendant's motion.

## ORDER

For the reasons set forth in Memorandum Opinion filed on even date herewith, it is

ORDERED that Defendant's Motion for Costs be, and the same hereby is, DENIED.