**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and Aldona Mazel**

v.

**HAMILTON STANDARD DIVISION, UNITED TECHNOLOGIES CORPORATION.**

Civ. No. H–84–252(JAC).

United States District Court,
D. Connecticut.

July 7, 1986.

Daniel E. Livingston, Hartford, Conn., for plaintiff-intervenor Mazel.

Edward J. Dempsey, Hartford, Conn., for defendant.

## RULING ON APPLICATION FOR ATTORNEY'S FEES AND COSTS

JOSÉ A. CABRANES, District Judge:

This action alleging sex discrimination in employment is before the court on the plaintiff-intervenor's application for attorney's fees and costs.

This action was commenced by the Equal Employment Opportunity Commission ("the EEOC") on March 7, 1984, after the failure of prolonged conciliation efforts among the parties. The complaint alleged that the Hamilton Standard Division of United Technologies Corporation had discriminated against Aldona Mazel on account of her sex by refusing on various occasions in 1978, 1979 and 1980 to promote her to the position of "working leader" in its inspection department. The defendant has consistently asserted that Ms. Mazel was not a victim of discrimination and that she simply lacked the qualifications for the position that she sought.

Ms. Mazel moved to intervene as a plaintiff in this action on June 4, 1984. She retired from her job with the defendant in July 1984 after 32 years of employment. She was then 64 years old.

The parties thereafter engaged in limited discovery in this action as well as in settlement discussions. On September 19, 1984, the defendant filed an offer of judgment in the amount of $4,800, plus appropriate costs, pursuant to Rule 68 of the Federal Rules of Civil Procedure. This offer was not accepted by the plaintiffs.

Finally, on October 16, 1984, the parties negotiated a settlement agreement that provided that (1) the defendant would pay Ms. Mazel the sum of $4,800 less applicable withholding deductions; (2) the employment record of Ms. Mazel would be upgraded; (3) a stipulation for voluntary dismissal of the action would be filed with the court, and (4) Ms. Mazel would not disclose the terms of the settlement. The agreement did not require the defendant to admit liability or to promote Ms. Mazel to the position to which she claimed that she was entitled.

The single issue left open in the settlement agreement was the plaintiff-intervenor's entitlement to attorney's fees and costs. It is that question that is currently pending before the court.

## I.

■ Only a "prevailing party" may obtain attorney's fees in an action brought under the federal civil-rights statutes.[1] However, "a plaintiff need not have won a judgment on all of his claims in the litigation in order to be a prevailing party" within the meaning of these statutes. *Gingras v. Lloyd*, 740 F.2d 210, 212 (2d Cir.1984) (Kearse, J.). Instead, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (1st Cir.1978). Furthermore, "[t]he fact that [a party] prevailed through a settlement rather than through litigation does not weaken her claim to [attorney's] fees." *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980).

■ The courts have frequently applied a two-part test in determining whether a party has "prevailed" in a civil-rights action that concluded with a settlement agreement in which the opposing party has not admitted liability:

> First, "the plaintiff['s] lawsuit must be causally linked to the achievement of the relief obtained," and second, "the defendant must not have acted gratuitously, *i.e.*, the plaintiff['s] claim[], if pressed, cannot have been frivolous, unreasonable or groundless."

*Illinois Welfare Rights Organization v. Miller*, 723 F.2d 564, 566 (7th Cir.1983), *quoting Harrington v. DeVito*, 656 F.2d 264, 266–267 (7th Cir.1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982). *See also Citizens Coalition for Block Grant Compliance v. City of Euclid*, 717 F.2d 964, 966 (6th Cir.1983); *United Handicapped Federation v. Andre*, 622 F.2d 342, 345–347 (8th Cir.1980); *Nadeau v. Helgemoe, supra*, 581 F.2d at 280–281;

*Thomas v. Board of Trustees*, 599 F.Supp. 331, 334 (D.Conn.1984).

■ The court finds that both prongs of this test have been satisfied by the plaintiff-intervenor in the instant case.

First, in her intervening complaint, Ms. Mazel sought, *inter alia*, "appropriate back pay ... in accordance with the position she would have held absent the unlawful discrimination." *See* Complaint in Intervention (filed Aug. 1, 1984). She obtained as a result of the settlement a sum of money that the defendant concedes is *at least* equal to the difference between her salary for the remainder of her working career and the salary that she would have earned had she obtained the position that she sought. Accordingly, the court finds that Ms. Mazel has established the requisite causal nexus between this lawsuit and the relief that she obtained as a result of the settlement.

A different result is not required merely because the settlement agreement did not give Ms. Mazel the promotion that she demanded in her complaint. As noted above, the law requires only that Ms. Mazel "achieve[] *some* of the benefit [that she] sought in bringing suit." *Hensley v. Eckerhart, supra*, 461 U.S. at 433, 103 S.Ct. at 1939 (emphasis added). It would be particularly inappropriate to hold that Ms. Mazel could not prevail in this action without obtaining the promotion where she was already retired at the time of settlement and where a retroactive promotion would have provided her with no practical benefit.

Second, there is no evidence in the record to suggest that Ms. Mazel's claim was "frivolous, unreasonable or groundless." It is significant that Ms. Mazel initially presented her claim to the EEOC, which concluded after investigation that her allegations of discrimination were sufficiently substantial to warrant the agency's bringing suit on her behalf. The court can find no other indication in the record that the

---

1. The Supreme Court has recognized that the standards for awarding attorney's fees are similar under all of the federal civil-rights statutes.

*See Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983).

defendant was acting "gratuitously" in making the $4,800 payment to Ms. Mazel.

Accordingly, the court concludes that the plaintiff-intervenor is a "prevailing party" in this action.

## II.

■ The defendant next argues that Ms. Mazel should be denied any award of attorneys fees, even if she is found to be a "prevailing party," because her counsel contributed "little or nothing of substance" to this litigation. *See* Opposition to Application for Attorney's Fee (filed Jan. 25, 1985) at 12. The court must reject these arguments based on the uncontroverted affidavits submitted by counsel for Ms. Mazel. *See* Affidavit of James L. Kestell (filed Aug. 5, 1985); Affidavit of Marcia A. Winn (filed Aug. 5, 1985). It is evident from these affidavits that Ms. Mazel's attorneys expended considerable effort on her behalf over a prolonged period of time by, for example, attempting to document her allegations of discrimination, presenting her claim to the EEOC, engaging in discovery in compliance with the schedule established by the court, and participating in the discussions that culminated in the settlement of this case.

It must be emphasized that the court merely concludes at this time that the activities of Ms. Mazel's counsel are sufficient to support an award of some amount of attorney's fees. The court intimates no view at this stage of the proceedings with respect to the reasonableness of the hours expended by counsel in particular activities or the charges made therefor.

## III.

■ Finally, the defendant argues that its filing of an offer of judgment on September 19, 1984, precludes Ms. Mazel from recovering attorney's fees for any services performed after that date. The court has found no authority for the proposition that the offer of judgment provisions of Rule 68, Fed.R.Civ.P., apply to cases that end in settlement and a stipulated dismissal as well as to cases that end with the entry of judgment after trial. Furthermore, the Advisory Committee on Civil Rules of the Judicial Conference of the United States, in commenting in August 1984 on proposed revisions of Rule 68, observed that

> [t]he purpose of Rule 68 as adopted in 1938 was to encourage settlements and avoid protracted litigation by taxing a claimant with costs if he should recover no more *after trial* than would have been received if the claimant had accepted the defending party's offer to enter judgment in the claimant's favor for a specified amount of money or property, or other relief.

102 F.R.D. 433 (emphasis added).

The court is unwilling, absent any authority for the application of the cost-shifting provisions of Rule 68 in the present context, to depart from the narrow and literal reading of the rule that has been advocated by the Supreme Court in other contexts. *See, e.g., Marek v. Chesny,* —— U.S. ——, 105 S.Ct. 3012, 3016–3018, 87 L.Ed.2d 1 (1985); *Delta Airlines, Inc. v. August,* 450 U.S. 346, 350–352, 101 S.Ct. 1146, 1149–50, 67 L.Ed.2d 287 (1981). Moreover, the extension of Rule 68 that has been urged by the defendant could in some circumstances frustrate the rule's purpose of "encourag[ing] settlements and avoid[ing] protracted litigation." *Id.* at 359 n. 24, 101 S.Ct. at 1153 n. 24, *quoting* 12 C. Wright & A. Miller, Federal Practice and Procedure § 3001, p. 56 (1973).

### Conclusion

For the reasons stated above, the plaintiff-intervenor's application for attorney's fees and costs is granted.

The parties shall submit to the court by no later than August 1, 1986, a proposed agreement with respect to the amount of attorney's fees to be paid by the defendant to the plaintiff-intervenor. If no such agreement has been reached by that date, the plaintiff-intervenor shall submit a memorandum of law together with appropriate documentation in support of her position by no later than August 8, 1986; the defend-

ant shall file a response thereto by no later than August 29, 1986.

It is so ordered.