**GOOD TIMEZ, INC., d/b/a Club "Z", Plaintiff,**

v.

**PHOENIX FIRE AND MARINE INSURANCE COMPANY, LTD., Defendant.**

**Civ. No. 90–146.**

District Court, Virgin Islands, D. St. Thomas and St. John.

Jan. 17, 1991.

460

Joseph Bruce Wm. Arellano, Campbell, Arellano & Rich, St. Thomas, Virgin Islands, for plaintiff.

Maria Tankenson Hodge, Law Offices of Maria Tankenson Hodge, P.C., St. Thomas, Virgin Islands, for defendant.

## OPINION

ROBERT L. CARTER, District Judge, Sitting by Designation.

Plaintiff Good Timez, Inc. is the owner of Club "Z", a restaurant/night club in St. Thomas that was damaged by Hurricane Hugo in September, 1989. Good Timez commenced this action to recover on a "contents loss" insurance policy issued by defendant Phoenix Fire and Marine Insurance Company, Ltd. ("Phoenix").[1] The action was dismissed pursuant to a settlement reached by the parties. A stipulation and order was entered on October 11, 1990, which recognized Good Timez as the prevailing party entitled to costs and reasonable attorney's fees in accordance with V.I. Code Ann. tit. 5, § 541 (1990) ("Section 541"). Good Timez now moves pursuant to Section 541 for an award of costs in the amount of $993.47 and attorney's fees in the amount of $30,000.00. It also moves to supplement its original motion to add the costs and attorney's fees, altogether amounting to $6,462.25, for litigating its motion for the award of costs and fees.

---

**1.** At the same time, plaintiff instituted a separate action, Civil No. 90–147, to recover on another insurance policy issued by defendant, which covered business interruption losses. That action is still pending.

Under Rule 54(d), F.R.Civ.P.,[2] costs are generally allowed as of course to the prevailing party unless the court directs otherwise. It does not, however, define what expenses constitute "costs." Section 541(a) defines "costs" that may be allowed in a civil action in the United States Virgin Islands[3] "to include":

(1) Fees of officers, witnesses, and jurors;

(2) Necessary expenses of taking depositions which were reasonably necessary in the action;

(3) Expenses of publication of the summons or notices, and the postage when they are served by mail;

(4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;

(5) Necessary expense of copying any public record, book, or document used as evidence on [sic] the trial; and

(6) Attorney's fees as provided in subsection (b) of this section.

Section 541(b) provides in pertinent part: "[T]here shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto."

It is clear from both the statutory language and the case law that awards to prevailing parties pursuant to Section 541 are matters within the court's discretion. *See, e.g., Acosta v. Honda Motor Co.,* 717 F.2d 828, 844 (3d Cir.1983); *Estien v. Christian,* 507 F.2d 61, 63 (3d Cir.1975). Section 541(b) does not entitle a prevailing party to total indemnification of its attor-

ney's fees, but rather, to an award of *reasonable* attorney's fees. *See Lucerne Investment Company v. Estate Belvedere, Inc.,* 411 F.2d 1205, 1207 (3d Cir.1969); *Vitex Manufacturing Co. v. Wheatley,* 70 F.R.D. 588, 590 (D.V.I.1976). In addition, while the express language of Section 541(a) does not necessarily preclude the court from assessing costs other than those specifically enumerated, the court's discretion in taxing such costs is to be sparingly exercised. *See Kriegel v. St. Thomas Beach Resorts,* 18 V.I. 365, 365 (D.V.I. 1981), *aff'd without op.,* 676 F.2d 686 (3d Cir.1982).

The amounts for costs and attorney's fees sought by Good Timez in its original motion as well as in its supplemental motion include costs and fees for which Good Timez is not entitled to reimbursement. Chief among these are costs and fees incurred after Phoenix's offer of judgment, which was dated August 14, 1990, but served on Good Timez on August 15, 1990. In its offer of judgment, made explicitly for the purposes of Rule 68, F.R.Civ.P.,[4] Phoenix offered "to allow judgment to be taken against it in this action in the amount of $199,500, together with statutory interest on plaintiff's claim for lost contents and with costs accrued as to the instant date." Good Timez rejected this offer, but the final judgment it obtained pursuant to the stipulation and order of October 11, 1990, awarded it the same amount. Phoenix therefore contends that, by operation of Rule 68, Phoenix, rather than Good Timez, is entitled to recover the costs and attor-

---

**2.** The Federal Rules of Civil Procedure are made applicable to the District Court of the Virgin Islands by 48 U.S.C. § 1614(b).

**3.** 28 U.S.C. § 1920, which prescribes what items may be taxed as "costs," does not apply to the District Court of the Virgin Islands. *See* 28 U.S.C. § 451; *Dr. Bernard Heller Foundation v. Lee,* 847 F.2d 83, 87 (3d Cir.1988).

**4.** Rule 68, F.R.Civ.P., provides in relevant part: At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the

effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

ney's fees [5] it incurred in this action after the date on which it made its offer of judgment. Phoenix asserts that, at the least, Rule 68 precludes Good Timez from recovering any of the costs and fees it incurred after that date.

Good Timez argues that Rule 68 does not apply to this case for four reasons: (1) Phoenix's offer of judgment of August 15 was a sham or token offer; (2) the offer was too ambiguous, because it did not sufficiently specify terms regarding the amount of interest to be paid; (3) Phoenix bound itself to the language in the stipulation dismissing this case, which provided that Good Timez shall be entitled to its costs and reasonable attorney's fees "in accordance with Section 541 and case law construing same" and contained no caveats regarding costs and fees incurred by Good Timez after Phoenix's Rule 68 offer; and (4) Rule 68 is inapplicable to cases that end by settlement between the parties.

■ The first of these arguments simply makes no sense and is totally undermined by the fact that Good Timez ultimately settled for the same amount offered on August 15, 1990.

■ The second argument fares no better. Phoenix offered to pay the statutory interest on Good Timez's claim for contents losses. Both the statutory rate of interest and the statutory period during which interest accrues were readily discernible from a plain reading of the Virgin Islands Code. *See* V.I.Code Ann. tit. 11, § 951; tit. 22, § 228.

■ The third argument is also no obstacle to Phoenix's Rule 68 argument. Good Timez asserts that Phoenix must be barred from raising its Rule 68 objection to Good Timez's request for costs and fees merely because Phoenix did not expressly reserve its right to do so in the stipulation. Good Timez offers no legal authority for this proposition. In light of the fact that prevailing parties' requests for costs and fees pursuant to Section 541 can be, and have been, opposed on a myriad of different grounds, the court sees no reason to hold that Phoenix constructively waived its Rule 68 objection, or any other possible objection, by agreeing to the language contained in the stipulation dismissing this case.

■ Good Timez's final argument, however, gives the court pause. The issue of whether Rule 68 applies to situations in which the plaintiff's final judgment is obtained following a settlement and stipulated dismissal rather than a trial, appears to be a matter of first impression in this circuit. In fact, the court is aware of only two other cases that have squarely confronted this issue. *See Hutchison v. Wells,* 719 F.Supp. 1435 (S.D.Ind.1989); *EEOC v. Hamilton Standard Div.,* 637 F.Supp. 1155 (D.Conn.1986). Both of these cases held that Rule 68 was operative only where the rejected settlement offer was followed by a trial. *Id.*

Although the literal text of Rule 68 does not require that the final judgment obtained by the plaintiff be pursuant to a trial, it appears that Rule 68 was intended to address only such a scenario. As the United States Supreme Court has stated, "[t]he Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success *upon trial on the merits." Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 3014, 87 L.Ed.2d 1 (1985) (emphasis added). In its comments on proposed revisions to

---

**5.** As applied to this case, the term "costs" in Rule 68 subsumes attorney's fees. The term "costs" generally does not include such fees, simply because, under the "American Rule," each party is ordinarily required to bear its own attorney's fees. However, the United States Supreme Court has held that since Rule 68 "was intended to refer to all costs properly awardable under the relevant substantive statute or other authority," *Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985), attorney's

fees are to be included for the cost-shifting purposes of Rule 68 if the underlying statute defines "costs" to include such fees. *Id.* Here, since Section 541 specifically includes attorney's fees in its definition of "costs" that may be awarded to a prevailing party, they are also included as "costs" within the meaning of Rule 68. *Cf. Carpenter v. National Union Fire Insurance Co. of Pittsburgh,* 20 V.I. 237, 238 (Terr.Ct. St.Croix 1984).

Rule 68, the Advisory Committee on Civil Rules of the Judicial Conference of the United States observed that Rule 68 was designed "to encourage settlements and avoid protracted litigation by taxing a claimant with costs if he should recover no more *after trial* than would have been received if the claimant had accepted the defending party's offer to enter judgment...." 102 F.R.D. 433 (emphasis added).

Moreover, Rule 68's primary objective, which is to encourage settlement of litigation, *Marek, supra*, 473 U.S. at 6, 105 S.Ct. at 3015; *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981), is likely to be frustrated if its application is extended to situations in which the final judgment is obtained by the plaintiff after a settlement between the parties. A plaintiff would be disinclined to accept, or even to consider seriously, a settlement offer once it has rejected the defendant's initial offer, because that plaintiff's interim costs may be automatically uncompensable under Rule 68. *See Hutchison, supra*, 719 F.Supp. at 1443. For the foregoing reasons, the court holds that Rule 68 does not apply to the instant case.

■ Nevertheless, the court will disallow Good Timez's costs and attorney's fees incurred from August 16, 1990 through October 11, 1990, because the court, in the exercise of its discretion under Section 541, finds such costs and fees clearly unreasonable under the circumstances of this case. The amount of Phoenix's settlement offer was eminently fair. It reflected the entire sum to which Good Timez was entitled under the contents loss insurance policy as well as all the accumulated interest to which it was entitled under the Virgin Islands Code. Good Timez needlessly and unreasonably protracted litigation of its claim, and whatever costs and fees it incurred after August 15, 1990, when it was

served with Phoenix's settlement offer, through October 11, 1990, when it finally settled for the same amount, were entirely superfluous. Accordingly, all costs and fees claimed during this period are excluded from the court's calculation of Good Timez's award. *See* Appendix I.

■ With respect to Good Timez's attorney's fees incurred on or before August 15, 1990, the court must examine its Attorney's Affidavit of Costs and Fees ("Affidavit"), which sets forth the total number of hours worked as well as the normal billing rates of each attorney.[6] Phoenix does not object to the billing rates, but argues that the claimed amount of time worked on the case is too high.

In computing what is a reasonable award of attorney's fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case. *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir.1973). *See Bevans v. Triumpho*, 17 V.I. 144, 149 (Terr.Ct.St.Thomas 1980). This case involved an ordinary breach of contract claim on an insurance policy. Here, the issues were certainly not novel, but, instead, relatively commonplace. The Affidavit, however, is replete with inordinately large amounts of time claimed for reviewing files, for conferences between or among Good Timez's attorneys, and for legal research on rather straightforward legal rules and principles. In addition, whatever complexity that might have existed was caused by the overzealousness of Good Timez's own counsel in the prosecution of this case. For example, even after the court granted Phoenix's motion to file its answer out of time, Good Timez insisted on filing its amended and supplemental motions for default judgment, which it should have known would be summarily denied.

---

**6.** The Affidavit itemizes the claimed amount of attorney's fees by date, nature of the work, identification of the attorney and the amount of time expended by that attorney. The court notes with disapproval that this itemization contains many entries in which two or more different kinds of legal work were lumped together. It also contains overly general entries, such as "conference with attorney X" or "law study and research" that do not indicate the purpose for which the attorneys engaged in such activity.

The court's review of the Affidavit leads it to conclude that the claimed number of hours is excessive. There was overall inefficiency, duplication, and unnecessary work in the handling of this case by Good Timez's counsel. In light of this determination, a percentage deduction approach is most appropriate. *See, e.g. Northcross v. Board of Education,* 611 F.2d 624, 636–37 (6th Cir.1979); *Healey v. Chelsea Resources, Ltd.,* 133 F.R.D. 449, 459 (S.D. N.Y.1990) (Carter, J.). Upon an examination of all of the entries contained in the Affidavit, the court finds that reducing the claimed amount by 20% will adequately correct for inefficient, duplicative or unnecessary legal work. Accordingly, the amount of attorney's fees claimed for the period on or before August 15, 1990, is reduced by 20%. *See* Appendix II.

█ The court finds that the amount claimed for the preparation of Good Timez's fee request is also excessive. While reasonable expenditures for preparing fee requests have been recoverable under fee-shifting provisions analogous to Section 541, *see, e.g., Danny Kresky Enterprises Corp. v. Magid,* 716 F.2d 215, 219 (3d Cir. 1983), and therefore appear to be recoverable under Section 541 as well, the amount claimed here is very high in light of what was involved. Almost all of the amount claimed consists of 20 hours spent by the law firm's bookkeeper in preparing the Affidavit, and 11 hours spent by the main attorney in drafting, editing and proofreading the Affidavit. Good Timez's counsel contends that the process of preparing this Affidavit was difficult and time-consuming because counsel had to identify matters relating both to this case and to Good Timez's other case against Phoenix[7] in order to apportion the fees appropriate for inclusion in the instant fee request.

Nevertheless, the bookkeeper's compilation and itemization of fees and costs for the Affidavit should have been a simple secretarial task, given the custom of law firms in the Virgin Islands to keep running time records, and should have taken no

more than half the time claimed. In addition, in light of the fact that two other attorneys in the firm and a law clerk also participated in preparing the Affidavit, the main attorney should have been able to accomplish whatever drafting and supervisory tasks were needed in, at most, 3 hours. Accordingly, the court finds that deducting 10 hours from the bookkeeper's hours and 8 hours from the main attorney's hours will result in a reasonable figure. *See* Appendix III(A).

█ Similarly, while reasonable attorney's fees in litigating a fee petition are recoverable, *see Pawlak v. Greenawalt,* 713 F.2d 972, 983–84 (3d Cir.1983), the number of hours claimed for such fees in the Supplemental Affidavit of Costs and Fees ("Supplemental Affidavit") is excessive and must be reduced. The Supplemental Affidavit's entries reveal an inordinately large amount of time researching issues raised in Phoenix's opposing memorandum, in addition to many obvious instances of duplication in legal research. The court finds here that a 50% deduction of the number of hours claimed for attorney's fees in the Supplemental Affidavit will sufficiently correct for inefficiency and duplication. *See* Appendix III(B).

█ Finally, with the exception of charges for the filing of the complaint and for service of process, the court excludes all charges listed under the "miscellaneous expenses incurred" section of the Affidavit which are not already excluded on the grounds that they were incurred after August 15, 1990, as well as all charges listed under the "expenses incurred" section of the Supplemental Affidavit. Such charges are for photocopying, telephone calls, and messenger service, which are not enumerated under Section 541's definition of "costs" and which this court has repeatedly held are not reimbursable under Section 541. *See, e.g., Telek v. Domestic Tankers, Inc.,* 1982 St. Croix Supp. 291 (D.V.I.1982); *Smith v. Sparky's, Inc.,* 1981 St. Thomas Supp. 98 (D.V.I.1981).

---

7. *See supra,* note 1.

CONCLUSION

In sum, for the reasons stated above and as set out in Appendix IV to this opinion, Good Timez is awarded a total of $24,-105.40 in costs and attorney's fees. An appropriate order will be entered.

## APPENDIX I
### EXCLUSION OF ATTORNEY'S FEES INCURRED AFTER AUGUST 15, 1990[1]
I. Unapportioned Time After August 15, 1990

**a. Conferences, including telephone communication; review of files, documents, papers, etc.**

| Date | Services Rendered | Attorney | Time |
|---|---|---|---|
| 08/20/90 | Telecon with Nick Pourzal | JA | 0.10 |
| 08/20/90 | Conference with Attorney Arellano | JW | 0.60 |
| 08/21/90 | Conference with Attorney Arellano | JW | 0.30 |
| 10/02/90 | Conference with Attorney Arellano | JW | 0.10 |
| 10/03/90 | Telecon with court re: scheduling; conf. w/ Ms. Poole | JW | 0.50 |
| 10/05/90 | Prepare for pretrial conference | JW | 0.50 |
| 10/09/90 | Telecon with Attorney Weiss; telecon w/Pourzal; review file and prepare for settlement conference | JA | 0.50 |
| 10/09/90 | Conference with Attorney Arellano; prepare for conference with court | JW | 0.50 |
| 10/10/90 | Teleconferences with Attorney Weiss | JA | 1.50 |
| 10/11/90 | Three (3) telecons with Judge's Chambers; two (2) telecons with Attorney Arellano; compute interest amounts; review documents for court; conference with Attorney Arellano | JW | 2.00 |
| 10/11/90 | Round trip travel to District Court; conference with Mr. Arnold; telecon with Mr. Arnold; pick up District Court check | JA | 1.50 |

**b. Legal research; drafting; review; editing and proofreading**

| Date | Services Rendered | Attorney | Time |
|---|---|---|---|
| 08/16/90 | Finalize motion for entry of an order; draft surrebuttal re: response to plaintiff's motion for summary judgment; proof, review and revise same | JA | 3.00 |
| 08/17/90 | Finalize surrebuttal to defendant's response to plaintiff's rebuttal to defendant's opposition to plaintiff's motion for summary judgment; draft letter to Nick Pourzal and collate pleadings | JA | 2.50 |
| 08/17/90 | Review defendant's opposition to motion to compel | JW | 0.30 |
| 08/18/90 | Review defendant's opposition to plaintiff's motion to compel and to deem admitted; draft plaintiff's rebuttal to defendant's opposition thereto | JA | 1.75 |
| 08/20/90 | Proof and revise plaintiff's rebuttal to defendant's opposition to motion to compel and to deem admitted | JA | 0.40 |
| 08/20/90 | Review defendant's opposition to compel; review reply to opposition | JW | 0.50 |
| 08/21/90 | Proof and finalize plaintiff's rebuttal to defendant's opposition to motion to compel | JA | 1.00 |
| 08/22/90 | Proof and finalize plaintiff's rebuttal to defendant's opposition to plaintiff's motion to compel | JA | 1.75 |
| 08/22/90 | Revise plaintiff's rebuttal | JW | 0.40 |
| 08/23/90 | Proof and finalize plaintiff's rebuttal to defendant's opposition to motion to compel | JA | 0.50 |
| 08/23/90 | Revise rebuttal to turnover motion | JW | 0.90 |
| 10/09/90 | Law study and research re: Rule 67 | JA | 2.00 |
| 10/09/90 | Law study and research re: Rule 67 | BP | 1.50 |

| Date | Services Rendered | Attorney | Time |
|---|---|---|---|
| 10/10/90 | Draft stipulation and order of dismissal with prejudice; proof, review and revise same | JA | 3.00 |
| 10/10/90 | Research prime rate and statutory construction; draft and redraft letter to court re: interpretation of section 228(b); review and revise proposed stipulation and order; finalize letter to court | JW | 5.00 |
| 10/10/90 | Law study and research re: statutory construction | BP | 1.50 |

**c. Pretrial, Discovery and Settlement Conferences with the Court Hearings; Oral Argument**

| Date | Services Rendered | Attorney | Time |
|---|---|---|---|
| 10/09/90 | Attend settlement conference with Judge Carter; round trip travel to/from District Court | JA | 2.00 |
| 10/09/90 | Attend settlement conference with Judge Carter; round trip travel to/from District Court | JW | 2.00 |
| 10/10/90 | Attend settlement conference with Judge Carter | JA | 1.00 |
| 10/11/90 | Attend settlement conference with Judge Carter | JA | 0.25 |

| | Unapportioned Time Claimed and Subject to Exclusion | Unapportioned Time Excluded | Unapportioned Time pre–8/16/90 or for preparation of affidavit |
|---|---|---|---|
| JA: | 55.10 hours | 22.75 hours | 32.35 hours |
| CR: | .60 hours | –0– | .60 hours |
| JW: | 23.10 hours | 13.60 hours | 9.50 hours |
| BP: | 3.00 hours | 3.00 hours | –0– |

II. Apportioned Time[2] After August 15, 1990

**a. Conferences, including telephone communication; review of files, documents, papers, etc.**

| Date | Services Rendered | Attorney | Time |
|---|---|---|---|
| 8/16/90 | Conference with Attorney Weiss | JA | 0.75 |
| 8/16/90 | Conference with Attorney Arellano; review Attorney D'Anna's affidavit | JW | 0.40 |
| 8/17/90 | Conference with Ms. Poole re: consolidation issue; conference with Attorney Arellano; index pleadings for letter to court | JW | 0.90 |
| 8/22/90 | Conference with Ms. Poole | JW | 1.25 |
| 8/29/90 | Conference with Attorney Weiss re: strategy & tactics | JA | 0.50 |
| 9/14/90 | Conference with Attorney Arellano re: Graham Miller involvement; review Act. No. 5610 | JW | 1.10 |
| 9/14/90 | Conference with Attorney Weiss re: strategy & tactics | JA | 0.25 |
| 9/20/90 | Review complaints in Tropical Marine Inc. v. Phoenix and First Penn Bank v. Phoenix | JA | 0.25 |
| 9/25/90 | Telecon with Attorney Arellano; proof request for oral argument | CR | 0.20 |
| 10/01/90 | Review letter to clerk of court re: outstanding matters; telecon with Ms. Kerr, law clerk to court | JW | 0.30 |

**b. Legal research; drafting; review; editing and proofreading**

| Date | Services Rendered | Attorney | Time |
|---|---|---|---|
| 08/17/90 | Lexis research re: changed circumstances and consolidation order | JW | 3.00 |
| 08/21/90 | Revise and redraft rebuttal | JW | 0.80 |

| Date | Services Rendered | Attorney | Time |
|------|-------------------|----------|------|
| 08/21/90 | Revise rebuttal | JW | 0.80 |
| 08/22/90 | Revise motion for reconsideration and consolidation of case | JW | 0.75 |
| 08/24/90 | Draft status letter to Court re: outstanding matters | JW | 1.80 |
| 08/27/90 | Proof and review status letter to Mr. Arnold, and plaintiff's opposition to defendant's extension of time and cross motion to treat motion for turnover as conceded | JA | 0.75 |
| 09/06/90 | Revise letter to clerk of court re: pending matters | JW | 0.30 |
| 09/07/90 | Revise letter to court re: pending matters | JW | 0.40 |

|  | Apportioned Time Claimed and Subject to Exclusion | Apportioned Time Excluded | Pre–8/16/90 Apportioned Time |
|------|------|------|------|
| JA: | 51.20 hours | 2.50 hours | 48.70 hours |
| JW: | 72.90 hours | 11.80 hours | 61.10 hours |
| CR: | 1.80 hours | 0.20 hours | 1.60 hours |

[1] Entries in the Attorney's Affidavit of Costs and Fees that were accompanied by two asterisks, indicating services for which Good Timez had already excluded from its computation of its fee request, are disregarded for the purposes of this list in order to avoid double exclusion from the total fee request.

[2] "Apportioned Time" refers to time expended on work which was applicable both to this case and to Good Timez's other case against Phoenix, Civ. No. 90–147. Good Timez therefore requested 50% reimbursement of apportioned time in the instant motion.

## APPENDIX II

### I. Pre–8/16/90 Unapportioned Time Allowed, with Percentage Deduction[1]

Attorney

| JA | 9.50 hrs @ 165/hr | = | $1,567.50 |
|----|----|----|----|
|    | 21.35 hrs @ 175/hr | = | $3,736.25 |
| CR | .45 hrs @ 150/hr | = | $ 67.50 |
|    | .20 hrs @ 160/hr | = | $ 32.00 |
| JW | 3.35 hrs @ 140/hr | = | $ 469.00 |
|    | 8.10 hrs @ 150/hr | = | $1,215.00 |
|    | Subtotal: | | $7,087.25 |
|    | 20% Deduction: | | $1,417.45 |

Unapportioned Fees Awarded:  $5,669.80

### II. Pre–8/16/90 Apportioned Time Allowed, with Percentage Deduction

| Attorney | | | | 50% Apportionment |
|----|----|----|----|----|
| JA | 71.10 hrs @ $165/hr | = | $11,731.50 | $5,865.75 |
|    | 48.70 hrs @ $175/hr | = | $ 8,522.50 | $4,261.25 |
| CR | 2.90 hrs @ $150/hr | = | $ 435.00 | $ 217.50 |
|    | 1.60 hrs @ $160/hr | = | $ 256.00 | $ 128.00 |
| JW | 22.10 hrs @ $140/hr | = | $ 3,094.00 | $1,547.00 |
|    | 61.10 hrs @ $150/hr | = | $ 9,165.00 | $4,582.50 |
| HB | 16.40 hrs @ $75/hr | = | $ 1,230.00 | $ 615.00 |
| BP | 5.00 hrs @ $85/hr | = | $ 425.00 | $ 212.50 |
|    | Subtotal: | | $17,429.50 | |
|    | 20% Deduction: | | $3,485.90 | |

Apportioned Fees Awarded:  $13,943.60

TOTAL PRE–8/16/90 FEE AWARD:  $19,613.40

1. Because the amounts claimed for the preparation of the Attorney's Affidavit are dealt with separately, see Appendix III(A), the numbers here do not include the hours claimed by each attorney for such preparation, which are as follows:

JA: 11.00 hours     CR: .40 hour     JW: 1.40 hours     BP: 1.00 hour

## APPENDIX III

### A. Preparation of Attorney's Affidavit

|  | Time Claimed | Time Allowed | Hourly Rate | Amount |
|---|---|---|---|---|
| JA: | 11.00 hrs | 3.00 hrs | $175 | $ 525.00 |
| CR: | 0.40 hr | 0.40 hr | $160 | $ 64.00 |
| JW: | 1.40 hr | 1.40 hr | $150 | $ 210.00 |
| BP: | 1.00 hr | 1.00 hr | $ 85 | $ 85.00 |
| SL: | 20.00 hrs | 10.00 hrs | $ 30 | $ 300.00 |
|  |  |  | Amount Awarded: | $1,184.00 |

### B. Litigation of Motion for Cost and Fee Award

|  | Time Claimed | Hourly Rate | Amount Claimed |
|---|---|---|---|
| JA: | 20.50 hrs | $175 | $3,587.50 |
| BP: | 32.50 hrs | $ 85 | $2,762.50 |
|  |  | Attorney's Fees Claimed: | $6,350.00 |
|  |  | 50% Deduction: | $3,175.00 |
|  |  | Attorney's Fees Awarded: | $3,175.00 |
|  |  | Plus Bookkeeper Services: | $ 75.00 |
|  |  | Amount Awarded: | $3,250.00 |

---

## APPENDIX IV

### Summary of Costs and Fees Awarded

| | |
|---|---|
| Pre–8/16/90 Attorney's Fees: | $19,613.40 |
| Preparation of Attorney's Affidavit: | $ 1,184.00 |
| Litigation of Motion for Cost and Fee Award: | $ 3,250.00 |
| Filing of Complaint & Process Server Fees: | 58.00 |
| Total Award of Costs and Fees: | $24,105.40 |