**CHERIE LEMPERT, Plaintiff**

**v.**

**GERALD SINGER, JOAN SPARLING, AND KEVIN D'AMOUR, Defendant**

Civil No. 1990-200

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 30, 1993

KATHERINE E. HARSCH, ESQ. (BORNN, BORNN, HANDY & RASHID), St. Thomas, V.I., *for plaintiff*

NANCY D'ANNA, ESQ., St. John, V.I., *for defendant Gerald Singer*

BRITAIN H. BRYANT, ESQ. (BRYANT, WHITE AND ASSOCIATES, P.C.), Christiansted, St. Croix, V.I., *for defendant Joan Sparling*

169

STANLEY S. BROTMAN, *Senior District Court Judge*, Sitting by Designation

## OPINION

Presently before the court are the motions of defendants Joan Sparling ("Sparling") and Gerald Singer ("Singer") for attorney's fees and costs in the above-captioned matter. For the reasons set forth below, defendants' motions are granted in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This application for attorney's fees arises out of plaintiff Cherie Lempert's ("Lempert") lawsuit against defendants Gerald Singer, Joan Sparling, and Kevin D'Amour ("D'Amour"). In her suit, Lempert claimed that when she purchased certain real estate on St. John, she was unaware of an easement running through the middle of the property. Lempert alleged that Sparling, the real estate broker, was guilty of misrepresentation and breach of fiduciary duty. Singer, according to Lempert, was vicariously liable for Sparling's action due to the agency relationship existing between Singer and Sparling. Finally, Lempert alleged that D'Amour, the real estate attorney handling the transaction, committed malpractice by failing to conduct a title search and to discover the easement.

Defendants moved for summary judgment. Judge Carter granted summary judgment in favor of Singer and Sparling, but denied D'Amour's motion. See Lempert v. Singer, 766 F. Supp. 1356 (D.V.I. 1991).

Singer and Sparling subsequently moved for entry of final judgment in their favor pursuant to Fed. R. Civ. P. 54(b) in addition to costs and attorneys fees. See id. at 1368–69. The court denied the motions for final judgment. Id. Sparling then moved for leave to withdraw her motion for attorneys fees without prejudice and with leave to refile after entry of final judgment. Id. Judge Carter deferred ruling on Singer's motion for fees pending final resolution of all claims asserted in this case. Id.

This court heard the case against D'Amour in March and June of 1992. At trial, Lempert failed to produce an expert to testify that D'Amour committed malpractice. D'Amour therefore moved under Fed. R. Civ. P. 52(c) for judgment as a matter of law, which the court granted. See Lempert v. Singer, No. 1990-200 (D.V.I. April 8, 1993).

170

On May 6, 1993, Lempert filed notice of appeal from the court's granting judgment as a matter of law to D'Amour, but did not appeal Judge Carter's earlier decision dismissing her claims against Sparling and Singer.[1] On May 14, 1993, Sparling renewed her motion for costs and attorneys fees.[2]

## II. DISCUSSION

### A. *Costs*

Under the Virgin Islands Code, a judge may award a prevailing party costs in prosecuting or defending an action. V.I. Code Ann. tit. 5, § 541.

Costs which may be allowed in a civil action include:

(1) Fees of officers, witnesses, and jurors;

(2) Necessary expenses of taking depositions which were reasonably necessary in the action;

(3) Expenses of publication of the summons or notices, and the postage when they are served by mail;

(4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;

(5) Necessary expense of copying any public record, book, or document used as evidence on [sic] the trial.

V.I. Code Ann. tit. 5, § 541(a).

"[W]hile the express language of Section 541(a) does not necessarily preclude the court from assessing costs other than those specifically enumerated, the court's discretion in taxing such costs is to be sparingly exercised." Good Timez Inc. v. Phoenix Fire and Marine Ins. Co., 754 F. Supp. 459, 461 (D.V.I. 1991) (citing Kriegel v. St. Thomas Beach Resorts, 18 V.I. 365, 365 (D.V.I. 1981), aff'd without op., 676 F.2d 686 (3d Cir. 1982)).

---

[1] On May 27, 1993, D'Amour applied for costs and attorney's fees pursuant to offer of judgment under Fed. R. Civ. P. 68. D'Amour's application is deferred, pending resolution of Lempert's appeal to the Third Circuit.

[2] In a letter to Magistrate Judge Geoffrey Barnard dated September 15, 1993, plaintiff's counsel argued that Sparling's motion for attorney's fees should be stayed pending a final decision by the Third Circuit. See Letter from Aurelia D. Rashid, Esq. to Honorable Geoffrey W. Barnard, Magistrate Judge of the District Court of the Virgin Islands (Sept. 15, 1993). However, plaintiff never formally moved for a stay. Even if she had, it would have been denied. Once final judgment was entered, and plaintiff declined to appeal Judge Carter's dismissal of all claims against Sparling and Singer, defendants' applications for attorneys' fees were ripe for resolution.

■ Lempert has raised several objections to the requests of Singer and Sparling for $1,625.21 and $4,124.30 in costs, respectively. First, plaintiff correctly argues that photocopying and other reproduction costs are nonreimbursable. See Bedford v. Pueblo Supermarkets of St. Thomas, Inc., 18 V.I. 275, 278 (Terr. Ct. 1981) (office expenses, such as photocopying and telephone calls, not reimbursable); see also Good Timez, 754 F. Supp. at 464 (charges for photocopying, telephone calls have been "repeatedly held as not reimbursable under Section 541"); Stevens v. Padmore, 15 V.I. 294, 299 (Terr. Ct. 1978) (expenditures for messenger services, photocopy charges, and telephone calls are not awardable as costs). However, costs for copying deposition transcripts will be awarded, pursuant to Section 541(a)(2).[3]

■ Second, Lempert argues that travel expenses incurred in taking depositions are not reimbursable under Section 541. The general rule is that travel expenses incurred in taking depositions will not be awarded absent special circumstances. See Damidaux v. Hess Oil Virgin Islands Corp., 18 V.I. 417, 421–22 (D.V.I. 1981); Kriegel, 18 V.I. at 368. Special circumstances sufficient to warrant awarding travel expenses are absent from this case. Accordingly, those costs are disallowed.

In sum, the court will award costs of $2244.45 to Singer and $889.80 to Sparling.

B. *Attorney's Fees*

In addition to costs, Section 541 permits a court to award attorney's fees to the prevailing party. V.I. Code Ann. tit. 5, § 541. The decision of whether and to what extent fees should be awarded is within the court's discretion. Bedford, 18 V.I. at 277. "The award of attorney's fees is intended to be an indemnification of the prevailing party for a fair and reasonable portion of his attorney's fees . . . and not for the whole amount charged by the attorney." Peterson v. Knight, 17 V.I. 261, 265 (Terr. Ct. 1981).

In determining a fair and reasonable portion of the attorney's fees, the court must consider:

> the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the

---

[3] At no point has plaintiff contended that depositions taken by defendants were not "reasonably necessary" and thus nonreimbursable under Section 541(a)(2).

cause [sic], the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation.

Lucerne Investment Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3d Cir. 1969).

■ The court finds that both the hourly rate and number of hours charged to Sparling by counsel were reasonable and appropriate, given the relatively unique issues involved.[4] Moreover, the court finds that plaintiff's behavior in prosecuting her claim militate against reducing the fee award. As Judge Carter noted, "Lempert's claim against Sparling border[ed] on the frivolous." Lempert, 766 F. Supp. at 1369. Furthermore, had plaintiff voluntarily dismissed Sparling from the suit, as Sparling's counsel had requested at the completion of discovery, Sparling's fees would have been drastically reduced. However, the court will account for administrative tasks and inordinate conferencing performed by counsel by reducing the fees requested to $13,500.

■ Singer has requested $15,751 in attorneys fees. Singer's application "contains overly general entries . . . that do not indicate the purpose for which the attorneys engaged in such activity" and which have stymied the court's review. Good Timez, 754 F. Supp. at 463 n.6. Accordingly, the court finds that $10,500 is a fair and reasonable portion of attorney's fees.

### III. CONCLUSION

The application of defendants Sparling and Singer for fees and costs is granted in part.

### ORDER

This matter having come before the Court on the applications for attorneys fees and costs of defendants; and

---

[4] Lempert argues that counsel for Sparling "participated only peripherally" in nine of the ten depositions taken in the case. According to Lempert, such limited participation required minimal preparation time, and thus Sparling's fees should be reduced. The court finds that the time spent on Sparling's case was generally reasonable, including time spent preparing for depositions, and thus a fee reduction on this basis is unwarranted.

Having considered the submissions of the parties;

For the reasons set forth in the court's opinion of even date;

IT IS on this 30th day of December, 1993 hereby ORDERED that the applications for attorneys fees are granted in part, in that;

(1) defendant Gerald Singer is awarded $2244.45 in costs and $10,500 in attorneys fees; and

(2) defendant Joan Sparling is awarded $889.80 in costs and $13,500 in attorneys fees.