**ALTAGRACIA LINDO WENNER, AS THE ADMINISTRATRIX OF
THE ESTATE OF ELIAS LINDO, Plaintiff**

v.

**THE GOVERNMENT OF THE VIRGIN ISLANDS, ET AL.,
Defendants**

Civil No. 129-1988

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 30, 1993

G. LUZ A. JAMES, ESQ., Christiansted, St. Croix, V.I., *for Plaintiff*

GERALD SIMS, JR., ESQ. (Assistant Attorney General Department of Justice), TRESTON MOORE, ESQ. (GRUNERT, STOUT, MOORE &

BRUCH), JOHN H. BENHAM, ESQ. and FREDERICK G. WATTS, ESQ. (WATTS & STREIBICH), DAVID IVERSON, ESQ., GERALD DENNEN-BERG, ESQ., ELIZABETH CLARK, ESQ. (DUDLEY, CLARK AND CHAN), STANLEY de JONGH, ESQ. (BIRCH, de JONGH & HINDELS), KA-THERINE HARSCH, ESQ. (BORNN, BORNN, HANDY & RASHID), JOHN A. ZEBEDEE, ESQ. (JAMES L. HYMES, III), ST. THOMAS, V.I., *for defendants*

STANLEY S. BROTMAN, *Senior District Court Judge,* Sitting by Designation

## OPINION

Presently before the court are defendants' motions for attorney's fees and costs in the above-captioned matter. For the reasons set forth below, defendants' motions are granted in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Altagracia Lindo Wenner, as Administratrix of the Estate of Elias Lindo, commenced an action against defendants in April, 1988 in the District Court of the Virgin Islands. In October, 1988, she filed an amended complaint, and in April, 1990, she filed a second amended complaint (the "Second Amended Complaint"). Defendants moved to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1]

In its opinion, the court carefully outlined the infirmities of the complaint. The court then dismissed the second amended complaint without prejudice, with leave to amend within 30 days. See Wenner v. Government of the Virgin Islands, No. 129-1988 (D.V.I. Dec. 12, 1990).

Plaintiff's third amended complaint, filed in January, 1991, suffered from the same infirmities as the second. Defendants again filed a motion to dismiss the complaint for failure to state a claim. The court granted defendants' motion, and dismissed plaintiff's Third Amended Complaint with prejudice. See Wenner v. Government of the Virgin Islands, No. 129-1988 (D.V.I. 11/22/91), aff'd without op., 986 F.2d 1410 (3d Cir. 1993).

---

[1] In her complaint, plaintiff asserted ownership over almost half of the Island of St. Thomas, "call[ing] into question the ownership claims of over 400 parties." From what this court could discern, it appeared that plaintiff was pursuing at least four causes of action: to determine boundaries, to quiet title, to recover possession, and to seek redress for fraudulent conveyances.

## II. DISCUSSION

As noted above, this case involved a large number of defendants.[2] Consequently, the court is faced with 13 separate applications for attorney's fees and costs. In order to reduce confusion, the following chart sets forth the amounts requested by each defendant, as well as the amounts awarded. The court will then explain the basis for each award.

---

[2] For simplicity's sake, defendants will be designated as follows: American Yacht Harbor Associates Limited Partnership; Red Hook Villas, Inc.; St. Thomas Hotel Investors Limited Partnership; Pieter and Barbara Stoeken, Giovanni Saraceni, Virgin Islands Telephone Corporation, Sunhil, Inc., Francis McCarthy, Jr., Sanford and Marilyn Grishman, Lawrence and Veronica Miller, Sapphire Hills Development Corporation, Pelican Beach Properties, Ltd., Richard Fulton, Rupert and Cynthia Burt, Terrance and Mary Holland, Francis and Jeanne Kay, Stewart and Stacy Loveland, Stephen and June Marsh, Rosario Messina, Judith Hodge Rogers, Leonard and Carmel Wilkinson, Anthony Imperiale, Paul and Laura Sutt, Leroy and Gerda Gottlieb, James and Helen Nicholas, Carston Judge, Alfred and Karl Neuman, Aron Tennenhaus [hereinafter the "Watts Defendants"] represented by Watts & Streibich; Virgin Islands Telephone Corporation [hereinafter "V.I. Telephone"] represented by Adrianne J. Dudley, counsel; John and Claire Foster [hereinafter the "Fosters"], represented by Gerald Dennenberg; Sea Horse Cottages, Inc. [hereinafter "Sea Horse"], represented by Gerald Dennenberg; Judith Adler, Bayside Resort, Inc., Dorothy and Leo Beavers, Dorothy Compton, Gumtie and Nacool Dabydeen, William Graulich, III, G.P. Development Corporation, Arthur, Edgar, Rhoda and Sammy Harthman, Sammy E. Harthman Heirs, M.A.F.F., Inc., John E. and Myriad Maitland, Angela Martin, John and Marilyn Moore, Gunther Pfanner, Ruth Pfanner, Point Pleasant Villas Condominium Owners Association, Joy and Scott Shott, and Virgin Islands Port Authority [hereinafter the "Grunert defendants"], represented by Grunert, Stout, Moore & Bruch; Alexis Perkins [hereinafter "Perkins"], represented by Stanley L. de Jongh; Sydney and Marion Flax [hereinafter the "Flax's"], represented by Stanley L. de Jongh; Estate of Emile Monsanto [hereinafter "Monsanto Estate"], represented by David Iverson; Government of the Virgin Islands [hereinafter "V.I. Government"], represented by the Virgin Islands Attorney General; Gilroy Nesbitt [hereinafter "Nesbitt"], represented by John Zebedee; Dennis Leonard [hereinafter "Leonard"], represented by Bornn, Bornn, Handy & Rashid; Phyllis Puritz, [hereinafter "Purlitz"], represented by Bornn, Bornn, Handy & Rashid; and Cyril V. Francois Associates [hereinafter "Francois Associates"], represented by Bornn, Bornn, Handy & Rashid.

| | REQUESTED | | AWARDED | |
|---|---|---|---|---|
| PARTY | COSTS | FEES | COSTS | FEES |
| Watts | 10,250.00 | 47,037.42 | 378.00[3] | 22,512.94 |
| V.I. Telephone | 0 | 2,293.75 | 0 | 1,720.91 |
| Fosters | 3,697.18 | 13,925.00 | 2,073.70[4] | 11,836.25 |
| Sea Horse | 177.50 | 3,250.00 | 0 | 2,437.50 |
| Grunert | 32,431.88 | 120,058.25 | 7.50[5] | 96,046.40 |
| Perkins | 0 | 600.00 | 0 | 450.00 |
| Flax | 0 | 832.50 | 0 | 624.38 |
| Monsanto Estate | 0 | 7,552.50 | 0 | 5,664.38 |
| V.I. Gov't | 0 | 11,350.00[6] | 0 | 3,500.00 |
| Nesbitt | 0 | 784.00 | 0 | 588.00 |
| Leonard | 134.75 | 1,312.50 | 0 | 984.38 |
| Puritz | 81.72 | 938.22 | 2.00[7] | 703.67 |
| Francois Assoc. | 131.48 | 828.75 | 0 | 621.56 |

A. *Costs*

Under the Virgin Islands Code, a judge may award a prevailing party costs in prosecuting or defending an action. V.I. Code Ann. tit. 5, § 541.

Costs which may be allowed in a civil action include:

(1) Fees of officers, witnesses, and jurors;

(2) Necessary expenses of taking depositions which were reasonably necessary in the action;

---

[3] The breakdown, by individual defendant: $1.50 (docket sheets) + $7.50 (copy of third amended complaint) for General file; $189.00 (transcripts) + $1.33 (pleadings) + $3.67 (copies of lien documents) + $1.33 (docket sheets) for American Yacht Harbor; $1.32 (pleadings) + $3.66 (copies of lien documents) + $1.34 (docket sheets) for Red Hook Villas; $11.00 (copy of deed) + $189.00 (transcripts) + $1.33 (docket sheets) + $3.67 (copies of lien documents) for St. Thomas Partnership; and $6.00 (docket sheets) for Commonwealth Land Title Insurance.

[4] $30.00 (witness fee) + $25.00 (process server) + $264.00 (transcript fee) + $86.00 (copy of probate file) + $1932.27 (depositions).

[5] Copies from District Court.

[6] As a public entity, no billing rate exists for the Office of the Attorney General. Establishing an appropriate billing rate has been left to my discretion by the V.I. Government. As described in Part II.B. supra, I have set the billing rate at $100 per hour.

[7] Copies from the Recorders Office.

(3) Expenses of publication of the summons or notices, and the postage when they are served by mail;

(4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;

(5) Necessary expense of copying any public record, book, or document used as evidence on [sic] the trial.

V.I. Code Ann. tit. 5, § 541(a).

"[W]hile the express language of Section 541(a) does not necessarily preclude the court from assessing costs other than those specifically enumerated, the court's discretion in taxing such costs is to be sparingly exercised." Good Timez Inc. v. Phoenix Fire and Marine Ins. Co., 754 F. Supp. 459, 461 (D.V.I. 1991) (citing Kriegel v. St. Thomas Beach Resorts, 18 V.I. 365, 365 (D.V.I. 1981), aff'd without op., 676 F.2d 686 (3d Cir. 1982)).

■ The majority of costs requested by each defendant relates to charges for overhead expenses, such as photocopies, courier service, telephone calls, telecopies, extra secretarial services, and postage.[8] These charges will be disallowed as normal office overhead. See Bedford v. Pueblo Supermarkets of St. Thomas, Inc., 18 V.I. 275, 278 (Terr. Ct. 1981) (office expenses, such as photocopying and telephone calls, not reimbursable); see also Good Timez, 754 F. Supp. at 464 (charges for photocopying and telephone calls have been "repeatedly held as not reimbursable under Section 541"); Stevens v. Padmore, 15 V.I. 294, 299 (Terr. Ct. 1978) (expenditures for messenger services, photocopy charges, and telephone calls are not awardable as costs). However, the court will award costs for copying transcripts, depositions, and certain public documents authorized by Sections 541(a)(2) and (a)(5).[9]

---

[8] Because defendants have not established that their costs for postage fall under Section 541(a)(3), the court will not tax these costs against plaintiff.

[9] I have liberally applied Sections 541(a)(2) and (a)(5) to encompass copies of all depositions, transcripts, and public documents. However, defendants rarely indicated which photocopying costs might possibly fall under either Sections 541(a)(2) or (a)(5). Accordingly, the court will disallow those charges. See Wright v. Marsh, St. T. Civ. No. 1987-271 (D.V.I. Jan. 24, 1991) ("Since plaintiffs have not established that their photocopying expenditures are within either [Section 541(a)(2) or (a)(5)], the court will deny the entire request.").

■ Expert witness fees have been requested by the Watts, Grunert, and Foster defendants.[10] Only those witness fees permitted by 28 U.S.C.A. § 1821(b) are reimbursable under Section 541.[11] Dr. Bernard Heller Foundation v. Lee, 847 F.2d 83 (3d Cir. 1988); Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988). Section 1821 precludes recovery of expert witness fees for non-testimonial services, absent explicit statutory authority. West Virginia Univ. Hospitals, Inc. v. Casey, 499 U.S. 83, 86–87 (1991).

■ This case never reached trial nor were the expert witnesses ever deposed, and thus the services of the experts were solely non-testimonial. Section 541 does not authorize, explicitly or otherwise, an award of expert witness fees for non-testimonial services. Accordingly, this court has no authority to award expert witness fees to defendants.

■ The Grunert defendants have also requested $868.60 for travel expenses. Because this cost is "unrelated to any reimbursable costs listed in Section 541(a)," the court is disallowing it. See Dr. Bernard, 847 F.2d at 89.

The Fosters have requested $1932.27 in deposition costs. The court finds that these depositions were reasonably necessary to the successful defense of the action, and thus are authorized under Section 541(a)(2).

Any other requested costs have been disallowed as not specifically authorized by Section 541(a).

B. *Attorney's Fees*

■ In addition to costs, Section 541 permits a court to award attorney's fees to the prevailing party. V.I. Code Ann. tit. 5, § 541. The decision of whether and to what extent fees should be awarded is within the court's discretion. Bedford, 18 V.I. at 277. "The award of attorney's fees is intended to be an indemnification of the prevailing party for a fair and reasonable portion of his attorney's fees . . . and not for the whole amount charged by the attorney." Peter-

---

[10] The Grunert defendants and the Fosters have requested $22,895.15 and $1225, respectively, for expert witness fees. The Watts defendants requested $325.62 under the rubric of "professional fees."

[11] Section 1821 provides, in pertinent part, that "a witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C.A. § 1821(b) (1993 Supp.). ·

son v. Knight, 17 V.I. 261, 265 (Terr. Ct. 1981); see also Damidaux v. Hess Oil Virgin Islands Corp., 18 V.I. 417, 420 (D.V.I. 1981)("[T]he normal award [of attorney's fees] is often only a minor fraction of what an attorney may reasonably have charged a client for the services involved in the litigation.").

In determining a fair and reasonable portion of the attorney's fees, the court must consider:

> the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause [sic], the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation.

Lucerne Investment Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3d Cir. 1969).

The applications presented may be divided into two groups: those requesting $3000 or less in fees (the "de minimis" defendants) and those requesting fees over $3,000 (the "major" defendants). The de minimis defendants include Perkins, Flax, Nesbitt, Leonard, Puritz, Francois and V.I. Telephone. The major defendants include Monsanto, Sea Horse, Fosters, Grunert, and Watts.

■ The de minimis counsel worked on the sidelines, primarily drafting answers to the initial complaint and monitoring the status of the law suit. Far from difficult, their work was more administrative than legal in nature. Thus, the court finds that a 25% fee reduction is appropriate.

■ Counsel for the major defendants performed more extensive legal tasks, and thus their applications require individual analysis. Monsanto has requested $7552.50 in attorneys fees. Counsel provided sketchy and non-descript time entries. See Bedford, 18 V.I. at 279 (reducing counsel fees where bill was not sufficiently detailed). Moreover, most of counsel's work involved conferencing and other administrative tasks. See Good Timez, 754 F. Supp. at 463. Accordingly, the court will reduce the requested fee by 25%.

■ The Watts defendants have requested fees of $47,037.42. The court will disallow $18,896.25, which was incurred in litigating

plaintiff's appeal to the Third Circuit.[12] See Vasquez v. Fleming, 617 F.2d 334, 335–36 (3d Cir. 1980) (attorney fees incurred on appeal from Virgin Islands District Court not recoverable under Section 541); Skeoch v. Ottley, 278 F. Supp. 314, 315–16 (D.V.I. 1968) (holding that district court is without authority to award fees incurred on appeal). Such disallowance leaves $28,141.17 as a lodestar for the Watts defendants.

The court must now calculate "a fair and reasonable portion" of the lodestar. Like Monsanto, the Watts performed extensive non-legal work. See Good Timez, 754 F. Supp. at 463. Moreover, certain time entries, such as those designated "legal research," do not describe the work performed with sufficient particularity. See Bedford, 18 V.I. at 279. Accordingly, the court will reduce the fees requested by 20%.

██ The Grunert defendants have requested $120,058.25 in attorneys fees. Counsel's work was instrumental in resolving the case at such an early stage. However, considering the factual and procedural posture of the case, the court finds that a 20% reduction in fees is warranted.

██ The Fosters have requested $13,925.00 in fees. The court finds that the work performed was reasonably necessary, particularly given the Fosters' frustrated attempts to sell their property. However, a certain amount of the work was administrative in nature, and certain entries were insufficiently detailed. Accordingly, the court will reduce the fees by 15%.

██ Sea Horse has requested $3250.00 in fees. Most of counsel's work involved conferencing, reviewing documents, and monitoring the status of the case. Accordingly, the court will reduce the fees by 25%.

██ One last application, that of the V.I. government, remains. The Office of the Attorney General maintains no formalized system of time recording. Furthermore, the informal diaries kept by one of the two attorneys cannot be found. Although counsel has submitted affidavits which attempt to reconstruct the time spent on the case, they are insufficient.

---

[12] This sum covers the fees incurred between February 4, 1992 and April 9, 1992, and June 2, 1992 to February 23, 1992.

The court cannot award attorneys fees to the V.I. Government under circumstances in which it would never award fees to private counsel. However, based on the court's knowledge of the case, the court is certain that counsel worked at least 35 hours. In addition, based on the court's knowledge of the fair market value of the services rendered, the court finds that $100 per hour is an appropriate rate of compensation. Accordingly, the court will award $3500 in attorneys fees to the V.I. Government.

## C. *Source of Payment*

The last issue facing the court is identifying the source of payment for these costs and fees. Plaintiff pursued this action in her capacity as administratrix of her father's estate.

V.I. Code Ann. tit. 5, § 545, provides that:

> In an action prosecuted or defended by an executor . . ., costs shall be recovered as in ordinary cases, but such costs shall only be chargeable upon or collected from the estate . . . represented, unless the court order the same to be recovered from the plaintiff or defendant personally for mismanagement or bad faith in such action or the defense thereto.

V.I. Code Ann. tit. 5, § 545; Alexander v. Todman, 5 V.I. 324 (D.V.I. 1965), aff'd 361 F.2d 744 (3d Cir. 1966).

 In applying Section 545, courts must distinguish between bad faith and bad judgment. The court finds no evidence of bad faith on the part of plaintiff. Rather, plaintiff acted in good faith to execute her duties. Nonetheless, she exercised bad judgment by dragging over 400 parties into this lawsuit, thereby forcing them to expend large sums defending against an ill-defined claim.

I find that, although misguided, Wenner did not prosecute her claim in bad faith, and thus personal liability is not warranted. Accordingly, I order that plaintiff pay the fees and costs awarded to defendants "from the available assets of the estate, and where these are insufficient, from so much of the realty as necessary." V.I. Code Ann. tit. 15, § 492(d); In re Estate of Latalladi, 23 V.I. 353, 356 (Terr. Ct. 1988).

## III. CONCLUSION

The application of defendants for fees and costs is granted in part.

## ORDER

This matter having come before the Court on the applications for attorneys fees and costs of defendants; and

Having considered the submissions of the parties;

For the reasons set forth in the court's opinion of even date;

IT IS on this 30th day of December, 1993 hereby ORDERED that the applications for attorneys fees are granted in part; and it is

FURTHER ORDERED that plaintiff pay the fees and costs awarded to defendants from the available assets of the estate, and where these are insufficient, from so much of the realty as necessary.