**HEIDI MORCHER, Plaintiff,**
**v.**
**MERRY NASH, *in personam*, and**
**the oil screw BISMARCK, *in rem*, Defendants.**

Civ. No. 1997-124

District Court of the Virgin Islands

Division of St. Thomas and St. John

November 30, 1998

Frederick G. Watts, Esq., St. Thomas, U.S.V.I. *for plaintiff*

Gregory H. Hodges, Esq., St. Thomas, U.S.V.I., *for the defendants*

### MEMORANDUM

MOORE, *Chief Justice*

Presently before the Court is defendant Merry Nash's ["Nash"] application for attorney's fees and costs incurred in her defense of this action. After reviewing the parties' submissions, the Court concludes that plaintiff Heidi Morcher ["Morcher"] must compensate the defendant in the amount of $43,074.26 for the reasons set forth below.

## FACTUAL SUMMARY

On July 15, 1997, Morcher invoked the Court's admiralty jurisdiction and filed suit against Nash *in personam* and the vessel "Bismarck" *in rem*, seeking arrest and possession of the craft as well as damages for conversion. (*See* Verified Compl. at 4-5.) The United States Marshal seized the Bismarck under an arrest warrant issued by the magistrate judge and placed the vessel with a substitute custodian. Nash then counterclaimed against Morcher in diversity for possession of the craft, among other claims. This Court conducted a hearing in this case on October 8, 1997, and decided that the vessel would be remanded to Nash's custody. At that time, the Court observed that Nash appeared to own title to the craft.

This matter was tried to the Court without a jury in February, 1998. At the conclusion of the trial, the Court adjudged Nash to be the sole owner of the Bismarck, and invited the parties to submit briefs regarding Nash's entitlement to an award of fees and costs as the prevailing party. In its Memorandum Opinion of September 21, 1998, the Court concluded that an award of reasonable legal fees and costs was appropriate in this case.

## DISCUSSION

Under the Virgin Islands Code, the Court may award costs and attorney's fees to the prevailing party. *See* V.I. CODE tit. 5, § 541. As the Court has already ruled that Nash is entitled to an award under that section, only "the amount which should in justice and reason be awarded" remains to be determined. *See Morcher v. Nash*, 26 F. Supp. 2d 758, 1998 U.S. Dist. LEXIS 18685 (D.V.I. 1998). In her supplemental application, Nash seeks $47,856.25 in fees and $ 286.53 in costs. The Court will review each request separately.

### I. Attorney's Fees

■ Nash asks for a fee award of $47,856.25, reflecting two hundred and forty-five hours of work expended by four attorneys

and one paralegal.[1] Morcher correctly notes that the Court has rarely made a full award of attorneys fees in the past. (*See* Opp'n at 3.) Nonetheless, there is no "partial reimbursement standard" implicit in section 541, as the plaintiff suggests. The amount of an award rests within the sound discretion of the Court. *See Jo-Ann's Launder Ctr., Inc. v. Chase Manhattan Bank*, 31 V.I. 226 (D.V.I. 1995); *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275 (D.V.I. 1981). But *cf. Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205 (3d Cir. 1969) (stating in dicta that section 541 was "intended to [indemnify] the prevailing party for a fair and reasonable portion of his attorney's fees incurred . . . and not for the whole amount"). The Court of Appeals has held that a proposed award even may be increased to reflect the contingent nature of the litigant's recovery or the quality of the attorney's work. *See Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir. 1973).

Morcher first contends that the requested award must be reduced because "[t]he case law is clear that a client may use multiple lawyers[,] but . . . such use will be reflected in a reduction of a section 541 award." (*See* Opp'n at 6.) Although plaintiff somewhat overstates the rule, this Court has previously reduced fee awards for duplication of effort among several attorneys. *See Jo-Ann's Launder Ctr., Inc.*, 31 V.I. at 235 (discounting initial valuation for double billing). The Court finds that 10.75 hours of recorded work reflect partial duplication of effort.[2] Those

---

[1] Her attorneys summarized the time spent as follows:

| Attorney | Hours and Rate | | Amount |
|---|---|---|---|
| Gregory H. Hodges | 187.75 hrs. | @ $ 210.00/hr | $ 39,427.50 |
| Richard Bourne-Vanneck | 1.00 hrs. | @ $ 210.00/hr | $ 210.00 |
| Riel J. Faulkner | 32.75 hrs. | @ $ 155.00/hr | $ 5,076.25 |
| Salim M. Ladah | 22.75 hrs. | @ $ 135.00/hr | $ 3,071.25 |
| Paralegal | | | |
| Valynne Cuchara | 0.75 hrs. | @ $ 95.00/hr | $ 71.25 |

(*See* Affirmation of Gregory H. Hodges at 2.) The Court will exclude paralegal fees from Nash's award because no authority has been advanced for their inclusion.

[2] The billings, which involved repetitious research, appeared as follows:

| Hodges | 02/11/98 | 6.25 | Conference with F. Watts re pre-trial order; conference re same; |
|---|---|---|---|

billings, which totaled $1,957.50, will be reduced by twenty-five percent to $ 1,468.13.

Morcher next argues that the requested award must be reduced by $3,188.75 because client meetings and conferences between multiple lawyers are not compensable under the Third Circuit Court of Appeals' statement in Dr. Bernard Heller Foundation that "[a]n award for such expenses would [be] unauthorized as a matter of law because these expenses are unrelated to any reimbursable costs listed in section 541(a)." (*See* Opp'n at 7-10 (citing *Dr. Bernard Heller Foundation v. Lee*, 847 F.2d 83, 89 (3d Cir. 1988)).) This declaration proves little, however, because it applies to an award of costs under section 541(a). Attorneys generally charge meetings with clients and other counsel as part of their fees, not as costs. Client meetings are certainly compensable under section 541(b) because attorneys draw upon their legal expertise in advising their clients and charge them accordingly. Single-lawyer conferences with opposing counsel are compensable for the same reason. Multiple-lawyer conferences not involving opposing counsel, on the other hand, involve duplicative work. Prudence requires the Court to agree that prevailing parties are not entitled to recover fees for such conferences under section 541(b).

Applying these conclusions, the Court finds that 28.50 hours of billings submitted by Nash's attorneys include non-compensable

|  |  |  | revise trial brief; *review Watts brief.* |
|---|---|---|---|
| Ladah | 02/11/98 | 2.25 | Research joint tenancy in personalty on an oral agreement on LEXIS and at District Court; begin researching local statutes for joint tenancy issues; *read plaintiff's trial brief.* |
| Hodges | 03/13/98 | 0.50 | *Review Morcher post-trial brief re attorney's fees;* staff conference re response. |
| Ladah | 03/14/98 | 1.75 | *Read opposition to brief entitling Nash to attorneys' fees;* pull and read cases cited by Morcher; research the uniformity of a rule against award of attorneys' fees in admiralty cases. |

(*See* Opp'n at 7 (emphasis added).)

259

co-counsel conferences mixed with other legal work.[3] Since her attorneys failed to itemize these conferences separately from $5,327.50 in billings,[4] the Court will reduce billings for these hours by twenty-five percent to $3,995.63.

---

[3] The entries identified by the Court appeared as follows:

| | | | |
|---|---|---|---|
| Hodges | 09/04/97 | 2.50 | Continued research re Rule E(4) hearing; telephone conference with M. Nash re same; telephone conference with officer re mooring permits and affidavit re same; *staff conference re ancillary administration of local property.* |
| Hodges | 09/05/97 | 4.50 | Conference with Inga re affidavit; prepare reply to response re adversary hearing; *staff conference re probate proceedings.* |
| Faulkner | 01/23/98 | 0.75 | *Staff conference to discuss case;* review complaint. |
| Hodges | 01/28/98 | 0.50 | Conference with M. Nash re status and German lawyers; *staff conference re estate taxes.* |
| Faulkner | 02/10/98 | 8.00 | Complete research on conflict of law issues; draft bench brief; *staff conference to discuss issues.* |
| Faulkner | 02/12/98 | 2.50 | Review plaintiff's trial brief; *staff conference re issues in trial brief;* review cases re domicile. |
| Hodges | 02/23/98 | 4.50 | Prepare final argument; attend same and court[']s rendering of decision; *staff conference re application for attorneys fees; conference re preparation of findings of fact and conclusions of law.* |
| Hodges | 02/23/98 | 2.75 | *Staff conference re award of fees;* prepare findings of fact for court. |
| Ladah | 02/23/98 | 3.50 | *Staff conference regarding decision in Third Circuit and distinguishing same;* draft motion for collection of costs and fees in diversity. |
| Hodges | 03/16/98 | 0.25 | *Staff conference re research re attorney[']s fee issue;* conference with judge's law clerk re same. |

(*See* Opp'n at 7-10 (emphasis added).)

[4] The following conferences were itemized separately:

| | | | |
|---|---|---|---|
| B.-Vanneck | 09/05/97 | 0.75 | Staff conference re requirement for U.S.V.I. probate or ancillary probate for interest in vessel of intestate decedent re legal title requirement for relief under ad- |

260

Morcher finally claims that the Court must exclude 73.25 hours of billings from its award calculation because certain entries are vague and "do not indicate the purpose for which the attorneys engaged in such activity." *See Good Timez v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 n.6 (D.V.I. 1991) (criticizing overly general itemization that contained "many entries in which two or more different kinds of legal work were lumped together"). The Court finds that 5.50 hours of entries are so vague as to prevent meaningful judicial review.[5] The fee award will not include these billings, which total $ 985.50. In addition, $5,156.00 in billings appear in six general entries.[6] Since these undifferentiated entries

| | | | |
|---|---|---|---|
| | | | miralty law provisions; engaged re analysis of issues for same. |
| B.-Vanneck | 01/28/98 | 0.25 | Staff conference re estate tax liability of German national/ U.S.V.I. domiciliary re litigation. |
| Hodges | 02/25/98 | 0.25 | Staff conference re fee application. |

(*See* Opp'n at 9, 10.) These billings are not included in the 28.50 hour figure discussed above, and will be excluded from Nash's award as non-compensable co-counsel meetings.

[5] The impermissibly vague entries appeared as follows:

| | | | |
|---|---|---|---|
| Hodges | 09/19/97 | 0.25 | Telephone conference with S. Rogers and J. Kling re status. |
| Hodges | 11/21/97 | 0.25 | Finalize supplemental responses to discovery. |
| Faulkner | 02/16/98 | 3.00 | Complete research; compose memorandum. |
| Faulkner | 02/17/98 | 2.00 | Complete memorandum. |

(*See* Opp'n at 5-6.)

[6] These six entries appeared as follows:

| | | | |
|---|---|---|---|
| Hodges | 01/09/98 | 5.00 | Prepare response to second motion to compel; review transcript of October 8, 1997 hearing; attend hearing on motion to compel; conference with M. Nash re same; conference with B. Morrisette re trial. |
| Hodges | 01/22/98 | 2.75 | Conference with Morrisette re trial testimony; review motion to compel and re Bauer; conference with Nash, Watts. Cohen and Christopher re depositions; prepare notices and subpoenas. |
| Hodges | 01/23/98 | 5.50 | Conference with Christopher re subpoena; conference with M. Nash re status and course of ac- |

hinder the Court in determining whether the time spent on each of the listed activities was reasonable, the billings will be reduced by fifty percent to $2,578.00.

■ "In determining the 'lodestar,' or initial valuation of an attorney's services, we are instructed to consider the number of hours spent on the case and the reasonable hourly rate." *Jo-Ann's Launder Ctr., Inc.*, 31 V.I. at 234 (citation omitted). Nash's attorneys devoted an appropriate amount of time to this matter, and Morcher does not dispute their hourly rates. The lodestar amount adequately compensates Nash's attorneys for adeptly vindicating her rights. Although this case involved the complex intersection of commercial and maritime law, the Court noted over a year ago that Nash was probably entitled to possession of the Bismarck. The lodestar will not be adjusted upward as the defendant requests. After subtracting the previously excluded billings, the Court concludes that the total award of reasonable attorney's fees to the prevailing party shall be $42,937.76.[7]

## II. Costs

■ Nash wishes to recoup $286.53 out of $1,068.28 in costs incurred during the successful defense of this action. The Court finds that she is entitled to $136.50 for court reporter fees and

---

| | | | tion; conference with F. Watts re Morcher depositions; prepare opposition to motion to compel. |
| Hodges | 02/04/98 | 3.50 | Prepare outline for Roberts; conference with Christopher re registrations; conference with Roberto re testimony; review supplemental production; conference with M. Nash re same. |
| Faulkner | 02/05/98 | 2.50 | Review file; research conflict issue. |
| Hodges | 02/15/98 | 6.00 | Prepare direct outline for M. Nash; research re INS laws. |

(*See* Opp'n at 5-6.)

[7] This figure includes $800.00 in attorney's fees charged by attorney Chad C. Messier in preparing the defendant's Supplemental Application and Reply at the rate of $160.00 per hour. *See Pawlak v. Greenawalt*, 713 F.2d 972, 983-84 (3d Cir. 1983) (noting that reasonable fees incurred in fee award dispute are recoverable). Although the defendant's pleadings reportedly took eight hours to prepare, the Court will include only five hours' billings in its award because the suggested total appears excessive.

witness fees. *See* 5 V.I.C. § 541(a)(1). General photocopy, facsimile, and telephone charges are not compensable under section 541. *See Wenner v. Government of the Virgin Islands*, 29 V.I. 158, 163 (D.V.I. 1993) (citations omitted); *cf. 5 V.I.C. § 541(a)(5) (authorizing recompense for "necessary expense of copying any public record, book, or document used as evidence"). Likewise, Morcher need not indemnify Nash for general mail charges unrelated to "publication of the summons or notices." See id.* § 541(a)(3). The only remaining itemized costs relate to computerized legal research, which the Virgin Islands fee statute does not address. "While the express language of Section 541(a) does not necessarily preclude the court from assessing costs other than those specifically enumerated, the court's discretion in taxing such costs is to be sparingly exercised." *Good Timez Inc.*, 754 F. Supp. at 461 (citing *Kriegel v. St. Thomas Beach Resorts*, 18 V.I. 365 (D.V.I. 1981), *aff'd mem.*, 676 365 (D.V.I. 1981), *aff'd mem.*, 676 F.2d 686 (3d Cir. 1982)). The Court has previously declared that charges related to overhead expenses are not compensable as costs under section 541(a). *See Wenner*, 29 V.I. at 163. Since computerized legal research differs from traditional research only in the mode of retrieval, and attorneys routinely purchase research materials as part of overhead, the Court will not treat computer research charges as compensable costs under section 541(a). *See Jo-Ann's Launder Ctr.*, 31 V.I. at 236. The Court will award $136.50 in costs in addition to $42,937.76 in attorney's fees to the defendant. An appropriate Order will issue.

ENTERED this 30th day of November, 1998.

### APPENDIX

Itemization of Fees and Costs Awarded

**47,856.25 Total Fees Billed**
- 71.25 **Paralegal**
- 489.37 Repetitious Research
  (25% of $1957.50 in entries evincing repetition)
- 1594.37 **In-Firm Conferences**
  (25% of $5327.50 in entries evincing in-firm conferences—$1331.87, *plus* 100% of entries entirely devoted to in-firm conferences—$262.50)

- 985.50 **Vagueness**
    (100% of 985.00 in entries preventing judicial review)
- 2578.00 **Lumping**
    (50% of $5156.00 in entries frustrating judicial review)

42137.76 **Subtotal Fees**
+ 800.00 Preparation of Fee Application

42937.76 **Total Fees**
+ 136.50 **Costs**

43074.26 **Total Award**