**FIRSTBANK PUERTO RICO, Plaintiff**

**v.**

**CARIBBEAN ISLAND ADVENTURE, INC., COMMONWEALTH INVESTMENTS CORPORATION, RICHARD C. SINGERLE, KAREN A. SINGERLE, JAMES E. SAMUELS, LYNDA S. COLLINS, EGBERT HENDRIK OSKAMP, and BOOPY EXCAVATING, INC., Defendants**

Civil No. 2005-27

District Court of the Virgin Islands

Division of St. Thomas and St. John

March 20, 2008

GREGORY HODGES, ESQ., St. Thomas, U.S.V.I., *For the plaintiff, FirstBank Puerto Rico.*

RONALD W. BELFON, ESQ., St. Thomas, U.S.V.I., *For defendants, Caribbean Island Adv.; Commonwealth Investments Corp; Richard Singerle; Karen Singerle.*

Susan Bruch-Moorehead, Esq., St. Thomas, U.S.V.I., *For defendant James E. Samuels.*

Leigh F. Goldman, Esq., St. Thomas, U.S.V.I., *For defendant Lynda S. Collins.*

William S. McConnell, Esq., St. Thomas, U.S.V.I., *For defendant Egbert Hendrik Oskamp.*

Nancy D'Anna, Esq., St. John, U.S.V.I., *For defendant Boopy Excavating, Inc.*

GÓMEZ, *Chief Judge*

## ORDER

### (March 20, 2008)

Before the Court is the application of defendant James E. Samuels ("Samuels") for attorneys' fees and costs.

FirstBank Puerto Rico ("FirstBank") initiated the above-captioned action for debt and foreclosure against defendants Caribbean Island Adventure, Inc. ("Caribbean"), Commonwealth Investments Corporation ("Commonwealth"), Richard C. Singerle and Karen A. Singerle, Samuels, Lynda S. Collins ("Collins"), Egbert Hendrik Oskamp ("Oskamp"), and Boopy Excavating, Inc. ("Boopy"). FirstBank claimed to have liens on two properties (respectively referred to as the "Commonwealth Property" and the "Caribbean Property").

FirstBank subsequently moved for summary judgment on its claims. On July 30, 2007, the Court granted FirstBank's motion. In that ruling, the Court established the priority of the various parties' liens in both properties and ordered the sale of the properties.

After the commencement of this action, Samuels filed a cross-claim for debt and foreclosure against Caribbean, Commonwealth, Collins, Oskamp, and Boopy. Samuels also moved for summary judgment. On October 22, 2007, the Court granted Samuels' motion.[1] Samuels now seeks reimbursement in the amount of $16,861.16, divided equally between Caribbean and Commonwealth, for attorneys' and costs he incurred in this litigation.

---

[1] On November 6, 2007, the Court issued an amended ruling on Samuels' motion.

811

The Virgin Islands Code provides for the recovery of attorneys' fees and costs:

(1) Fees of officers, witnesses, and jurors;

(2) Necessary expenses of taking depositions which were reasonably necessary in the action;

(3) Expenses of publication of the summons or notices, and the postage when they are served by mail;

(4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;

(5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and

(6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a) (1986). The statute further provides: "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id.* at (b).

■ To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation. *Lempert v. Singer*, 29 V.I. 169, 172 (D.V.I. 1993); *see also Morcher v. Nash*, 32 F. Supp. 2d 239, 241, 40 V.I. 256 (D.V.I. 1998). Reasonable attorneys' fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986); *see also Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993) (noting that reasonable attorneys' fees may include charges for measures necessary to enforce district court judgments as well as other charges "reasonably expended" to advance the litigation).

Applying the standard outlined above, the Court finds that only some of the $16,861.16 in attorneys' fees and costs claimed by Samuels was reasonably expended, but that most of those fees and costs were not reasonable.

■ For instance, Samuels requests reimbursement for work that was billed excessively or repeatedly. The Court will exclude those entries in

its assessment of reasonable fees. *See, e.g., Gulfstream III Assocs., Inc.*, 995 F.2d at 422 (noting a "district court's power to reduce the fee award by excluding time as excessive [or] duplicative . . . ."); *Equivest St. Thomas, Inc. v. Virgin Islands*, 46 V.I. 447, 453-454 (D.V.I. 2004) (reducing a fee award where there was some "duplication of effort").

■ Furthermore, Samuels seeks to collect several thousand dollars in fees and costs he alleges to have incurred in attempting to collect amounts due from Caribbean and Commonwealth before the commencement of this action. The Virgin Islands statute, however, allows reimbursement only for expenses incurred "in maintaining the action or defenses thereto . . . ." V.I. CODE ANN. tit. 5, § 541(b). Consequently, those fees and costs Samuels incurred before FirstBank commenced this action are not compensable.

■ The Court also notes that this matter involved run-of-the-mill debt and foreclosure claims, and was disposed of at the summary judgment stage. The issues were not novel, but, rather, "relatively commonplace." *See, e.g., Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 (D.V.I. 1991) ("In computing what is a reasonable award of attorney's fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case.") (citing *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir. 1973)). Consequently, the Court will reduce the fee award to reflect those facts. *See, e.g., Home Depot, U.S.A. v. Bohlke Int'l Airways*, Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award attorneys' fees to a prevailing party is entirely within the Court's discretion.") (citation omitted).

For the reasons given above, it is hereby

**ORDERED** that Caribbean shall reimburse Samuels for attorneys' fees and costs in the amount of $1,034.26; and it is further

**ORDERED** that Commonwealth shall reimburse Samuels for attorneys' fees and costs in the amount of $1,034.26.